IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02975-PAB-KLM

NORMAN L. PERNICK, as Chapter 11 Trustee of the Bankruptcy Estate of Industrial Enterprises of America, Inc., on behalf of itself, the estate and as assignee of its shareholders,

      Plaintiff,

v.

COMPUTERSHARE TRUST COMPANY, INC.,

      Defendant.

_____

**ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Opposed Motion For a Protective Order to Stay Discovery and the Scheduling Order** [#48][1] (the "Motion").  In the Motion, Plaintiff states that "Defendant's counsel has advised that Defendant has not yet made a determination as to whether Defendant will oppose the Motion.  Given the importance of bringing these issues to the Court's attention in advance of the August 11, 2014 deadline to amend the Complaint, Plaintiff's counsel assumes, as a default position, that Defendant will oppose the relief requested."  *Motion* [#48] at 2.  On August 20, 2014, Defendant filed its Response and Consent With Respect to Plaintiff's Motion For a Protective Order to Stay Discovery and the Scheduling Order [#51] (the "Response"), in which it states that it

_____

[1]  "[#48]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Minute Order.

"consents to the relief requested in the [Motion] until Computershare's motion to dismiss[2] (including the Supplemental Motion) is ruled upon by this Court." *Response* [#51] at 2.

In the Motion, Plaintiff seeks a "stay of discovery and all deadlines set forth in the Scheduling Order pending" resolution of the Motion to Dismiss, and "the Bankruptcy Court's approval of the Plaintiff's retention of new counsel." *Motion* [#48] at 2.

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss

---

[2] Defendant Computershare Trust Company, N.A.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#21] (the "Motion to Dismiss") is pending before the District Judge.

challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice Plaintiff, as he requests the stay, and does not burden Defendants, as it does not oppose the Motion. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay.  With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear which claims, if any, will move forward.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.  With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.  With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court and litigants serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#48] is **GRANTED in part** to the extent it seeks a stay of discovery.  To the extent the Motion's request to stay "all deadlines set forth in the Scheduling Order" includes the June 16, 2015 Final Pretrial Conference, it is **DENIED without prejudice in part**.  If the parties eventually determine that the Final Pretrial Conference should not move forward on June 16, 2015, they may request that it be vacated and reset to a later date.  Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of Defendants' Motion to Dismiss [#21].

Dated:  August 21, 2014                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge